# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
JAN 16 2014

| | |
|---|---|
| GARY LEE HONEYCUTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 13-237-RAW-KEW |
| ) | |
| CHARLES PEARSON, ) | |
| Muskogee County Sheriff, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

While a pretrial detainee at the Muskogee County Jail, petitioner filed an amended petition for a writ of habeas corpus (Docket No. 6), alleging he was being illegally detained, and he did not understand why he was being held. According to the Oklahoma State Courts Network at www.oscn.net, on November 6, 2013, his Judgment and Sentence was entered for First Degree Rape by Force and Fear in Muskogee County District Court Case No. CF-2013-363. There is nothing in the record to indicate he has filed an appeal.

Petitioner also complains in his amended petition that he was "tricked or scared" into a plea bargain in his conviction in Muskogee County District Court Case No. CF-2008-412 for Assault and Battery with a Dangerous Weapon. He alleges his trial attorney was ineffective, and the costs and fees imposed by the court were excessive. Again, there is no record of an appeal of the conviction.

Although the petition is confusing, it is clear that petitioner has not exhausted his state court remedies for his claims. Because he was a pretrial detainee when he filed his amended petition concerning his detention in Case No. CF-2013-363, those claims were construed as

arising under 28 U.S.C. § 2241. His claims regarding his conviction and sentence in Case No. 2008-412 arise under 28 U.S.C. § 2254.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 862, 731 (1991)). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. See *Coleman*, 501 U.S. at 731. Furthermore, the court may dismiss a habeas petition *sua sponte*, when the petitioner's failure to exhaust is clear on the face of the petition. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). See *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

**ACCORDINGLY**, petitioner is directed to show cause in writing within fourteen (14) days why this action should not be dismissed for his failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b). Failure to show cause as directed will result in dismissal

of this action.

IT IS SO ORDERED this ___16th___ day of January 2014.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**